IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES DEWEES,** | : | **CIVIL NO. 1:CV-03-490** |
| **Plaintiff** | : | |
| v. | : | |
| **WARDEN DOMINICK DEROSE,** et al., | : | |
| **Defendants** | : | |
| * * * * * * * | | |
| **CHRISTINE HOOVER,** *et al.*, | : | **CIVIL NO. 1:CV-03-1781** |
| **Plaintiffs** | : | |
| v. | : | |
| **MAJOR STEWART,** *et al.*, | : | |
| **Defendants** | : | |

## MEMORANDUM AND ORDER

Before the court is "Plaintiffs['] Nunc Pro Tunc Motion for Sanctions Against Frank Lavery, Esq. Pursuant to Fed. R. Civ. P. 11." The motion was filed by Attorney Don Bailey, who represented the plaintiffs in the above-captioned matters. In the motion, Mr. Bailey alleges that Mr. Lavery, who was defense counsel in these cases, made misrepresentations regarding Mr. Bailey's wife's video deposition company, PR Video, that were known by him to be false. Specifically, Mr. Bailey asserts that Mr. Lavery "indicate[d] to a federal court judge" during proceedings in the above-captioned matters that Mr. Bailey and his wife "were

intentionally altering ('fudging') transcripts produced by 'PR Video.' "  (Mot. Sanctions ¶ 1.)  Mr. Bailey contends that such conduct violates Rule of Professional Conduct 8.4(c).  Upon consideration of Mr. Bailey's motion, the court concludes that said motion is defective on its face.  Thus, the court will deny the motion.

A motion for sanctions under Rule 11 applies only to "a pleading, written motion, or other paper."  Fed. R. Civ. P. 11(b); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 41 (1991) (noting that Rule 11 "governs only papers filed with a court").  Mr. Bailey's motion for sanctions relates to *comments* Mr. Lavery allegedly made during the litigation of the above-captioned matters.  Rule 11, however,

> applies only to assertions contained in papers filed with or submitted to the court.  It does not cover matters arising for the first time during oral presentations to the court, when counsel may make statements that would not have been made if there had been more time for study and reflection.

Fed. R. Civ. P. 11, Advisory Comm. Notes, 1993 Amendments.  Thus, Mr. Bailey's motion for sanctions under Rule 11 is ill-founded.

Additionally, the Third Circuit has "adopted a supervisory rule requiring parties to file all motions for Rule 11 sanctions before entry of the court's final order."  *Prosser v. Prosser*, 186 F.3d 403, 405 (3d Cir. 1999) (citing *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 100 (3d Cir. 1988)).  The purpose of this rule is to promote "judicial efficiency, timeliness, and notice."  *Prosser*, 186 F.3d at 406.  The instant motion for sanctions has been filed long after the completion of both the above-captioned cases and long after the alleged wrongdoing.  The *Hoover* case was dismissed on November 29, 2004, and the alleged misconduct occurred at a pre-trial conference held on November 19, 2004.  *Dewees* was closed on May 20, 2005, and

the alleged misconduct occurred at a pre-trial conference held on October 15, 2004.[1] To allow Mr. Bailey to pursue sanctions against Mr. Lavery at this point would fly in the face of "judicial efficiency, timeliness, and notice." *Prosser*, 186 F.3d at 406.

In accordance with the foregoing, **IT IS HEREBY ORDERED THAT** "Plaintiffs['] Nunc Pro Tunc Motion for Sanctions Against Frank Lavery, Esq. Pursuant to Fed. R. Civ. P. 11" is **DENIED**.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated:  August 10, 2005.

---

[1] A jury verdict in *Dewees* was rendered on November 16, 2004, and the court resolved the post-trial motions on May 20, 2005.